IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

MARTIN BAZAN ORTIZ,              )
                                       )
         Plaintiff,             )   TC-MD 111208N
                                       )
     v.                         )
                                       )
DEPARTMENT OF REVENUE,     )
State of Oregon,                )
                                       )
         Defendant.      )   **DECISION OF DISMISSAL**

This matter is before the court on Defendant's motion to dismiss (motion), filed with its Answer on December 16, 2011, requesting that Plaintiff's appeal be dismissed because Plaintiff failed to appeal within the 90 days required by ORS 305.280(2). A case management conference was held in this matter on February 8, 2012, during which the parties discussed Defendant's motion and agreed to submit additional written arguments. This matter is now ready for the court's determination.

Plaintiff appealed from Defendant's conference decision and Notice of Deficiency Assessment for the 2005 through 2008 tax year, both of which were issued July 26, 2011. Plaintiff's Complaint was postmarked to the court on November 14, 2011. On March 7, 2012, Plaintiff filed written arguments in opposition to Defendant's motion, stating:

> "I did respond in a timely manner. I sent in the paperwork that the taxes sent me, completed with a check for $75.00 within the time frame required.

> "I initially sent in the form that I had to appeal with a check for $75.00. After that I received the check back in the mail alone with no explanations. I then sent back the check, thinking it was sent back to me in error. In then received another envelope in the mail, with another form to fill out and another sheet highlighting the change in cost. I immediately completed it and returned it with the new amount.
> / / /
> / / /

"* * * I believe I got caught in the transition of the rate change and fell between the cracks."

Defendant filed its Reply on March 26, 2012, stating that "Plaintiff has not provided any proof to show that the Complaint was filed with the court prior to November 14, 2011. * * * In order to be within the 90 days to appeal the Notice of Assessment under ORS 305.280, the Complaint needed to be filed with the court by October 24, 2011." Defendant further stated that Plaintiff "has two options to further appeal[:]" to "pay the accounts in full and appeal the Notice of Assessments to the Magistrate Division" or "request relief under ORS 305.295, Doubtful Liability." (Def's Reply at 1.)

A review of court records reveals that the court received from Plaintiff a Complaint form with a $75.00 check on October 28, 2011. The Complaint form and $75.00 check were postmarked October 26, 2011. On November 4, 2011, the court sent a letter to Plaintiff stating that Plaintiff's "Complaint was received without the required fee or a complete fee waiver application. In order to have a valid appeal filed with the Magistrate Division, you must submit a fee of $240.00 with the Complaint, or a completed fee waiver application for the court's consideration." *See also* ORS 305.490(1), *amended by* Or Laws 2011, ch 595, §§ 8, 62.[1]

It appears that Plaintiff attempted to file his Complaint on October 26, 2011, but included the incorrect filing fee. A Complaint is not filed until the appropriate fee or a complete fee waiver application is received. Plaintiff's Complaint was not filed until November 14, 2011. That interval is longer than the 90 days required by ORS 305.280(2), which provides:

> "An appeal under ORS 323.416 or 323.623 or from any notice of assessment or refund denial issued by the Department of Revenue with respect to a tax imposed under ORS chapter 118, 308, 308A, 310, 314, 316, 317, 318, 321 or this chapter, or collected pursuant to ORS 305.620, shall be filed within 90 days after the date
> / / /

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2009.

of the notice. An appeal from a proposed adjustment under ORS 305.270 shall be filed within 90 days after the date the notice of adjustment is final."

The court is not aware of any circumstances that extend the statutory limit of 90 days.

Defendant's motion is granted. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss is granted.

The Complaint is dismissed.

Dated this ___ day of April 2012.


_____
ALLISON R. BOOMER
MAGISTRATE PRO TEMPORE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Pro Tempore Allison R. Boomer on April 26, 2012. The Court filed and entered this document on April 26, 2012.*